# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **NPF RACING STABLES, LLC**,<br><br> Plaintiff,<br><br> v.<br><br>**YESENIA G. AGUIRRE**; **EL FENIX INC.**; **RANCHO EL FENIX INC.**; **CARLA LLERENAS**; **BENJAMIN HERNANDEZ**; **HECTOR RODRIGUEZ**; **JOSE LUIS DAVILA CAMPOS**; **JOSE JESUS VALENZUELA**; **CESAR CANO**; and **DAVID ARQUIMIDEZ HUICOCHEA-SILVA,** d/b/a **ADELANTE DESIGN & PRINT,**<br><br> Defendants.<br><br>**YESENIA G. AGUIRRE**,<br><br> Counter-Plaintiff and Third Party Plaintiff,<br><br> v.<br><br>**NPF RACING STABLES, LLC**,<br><br> Counter-Defendant; and<br><br>**KARL SCHIENEMAN**,<br><br> Third Party Defendant. | **Case No. 1:18-cv-6216**<br><br>**Judge Feinerman**<br><br>**Jury Trial Demanded** |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff NPF Racing Stables, LLC ("NPF"), through counsel, respectfully moves this Court under Federal Rule of Civil Procedure 58 and, if necessary, Federal Rule of Civil Procedure 54(b), for entry of a final judgment in accordance with the Court's (a) order and

opinion granting in part NPF's first Motion for Partial Summary Judgment (collectively, the "First Summary Judgment Order"), *see* Doc. 334 (Memorandum Opinion and Order); 333 (Minute Entry), and (b) order and opinion granting NPF's Motion for Summary Judgment (collectively, the "Second Summary Judgment Order") against Yesenia Aguirre on her counterclaims and third-party claims against NPF and Karl Schieneman, respectively. *See* Doc. 358 (Memorandum Opinion and Order); 357 (Minute Entry).

In further support of this Motion, NPF states as follows:

**Entry of Judgment**

1. NPF requests that the Court enter a final judgment[1] (the "Final Judgment"), consistent with the terms of the First and Second Summary Judgment Orders.

2. The Court entered the First Summary Judgment Order on March 19, 2021. *See* Docs. 333, 334. In the First Summary Judgment Order, the Court ruled that:

> Plaintiff NPF owns and is entitled to possession of the living horses; the business and leasehold at El Palomino Ranch; the Sooner Horse Trailer; the Chevy truck; various items of personal property described in the APA (listed at Doc. 287-4 at 48); and the commercial ice maker, large television, VIP viewing towers, fencing, cabana, and other improvements that Plaintiff NPF made to El Palomino Ranch. The court also declares that Defendant Rancho El Fenix's deed to Beecher Ranch is void.

*See* Doc. 333; Doc. 334 at 18.

3. Although the Court denied NPF's first Motion for Partial Summary Judgment as to possession and ownership of the Jockey Trailer and the deceased horses, the First Summary Judgment Order completely resolves ownership and possession of the assets it covers. Moreover, NPF does not intend to pursue ownership or possession of Jockey Trailer or the three dead horses. *See* First Summary Judgment Order, Doc. 333 at 15, 16. As such, the First

---

[1] NPF is contemporaneously submitting a proposed Judgment to the Court's proposed order email address, with service of same, under separate cover, to all parties.

Summary Judgment Order resolved with finality all issues of ownership and possession of recoverable assets. Judgment may be cleanly entered on NPF's "trespass and declaratory judgment counts for the return of El Palomino Ranch" and its request for a "declaratory judgment that Rancho El Fenix's deed to [the] Beecher Ranch is void." *Id.* at 12. Judgment may also be entered on NPF's "detinue counts for the return" of the horses, the Sooner Horse Trailer, and other personal property. *Id.*

4. The Second Summary Judgment Order resolved all counterclaims asserted by Aguirre against NPF and all third-party claims asserted by Aguirre against Karl Schieneman. Pursuant to the Second Summary Judgment Order, Aguirre's counterclaims and third-party claims were dismissed on the merits. *See* Doc. 357.

5. NPF previously requested entry of a final judgment relating to the First Summary Judgment Order. *See* Doc. 341. The Court denied NPF's request, *see* Doc. 345, stating in its April 2, 2021 hearing that the issues decided in the First Summary Judgment Order factually overlapped with issues that had not yet been decided, precluding entry of a final judgment at that time. At the April 2, 2021 hearing, the Court indicated that entry of a final judgment might be appropriate following a decision on NPF's second Motion for Summary Judgment, provided that NPF dismissed the remainder of its claims.

6. This matter is now ripe for entry of the Final Judgment. The Court has now granted NPF's second Motion for Summary Judgment. Contemporaneously with the filing of this Motion, NPF has filed its "Motion to Dismiss Remaining Claims Without Prejudice and With Leave to Refile" (the "Dismissal Motion"). If the Dismissal Motion is granted as requested, no claims will remain for decision in this case, eliminating any potential overlap with

the claims resolved by the First Summary Judgment Order and Second Summary Judgment Order.

7. NPF previously requested entry of judgment under Federal Rule of Civil Procedure 54(b), which authorizes entry of judgment "as to one or more, but fewer than all, claims or parties." Assuming that the Dismissal Motion is granted as requested and remaining claims are dismissed without prejudice and with leave to refile, it is no longer necessary to determine whether relief should be granted under Rule 54(b), because all that will remain for entry of the proposed Final Judgment will be those claims decided by the First Summary Judgment Order and the Second Summary Judgment Order.

8. In these circumstances, NPF requests entry of the Final Judgment as a separate self-contained document under Rule 58. *See* Fed. R. Civ. P. 58(d) ("A party may request that judgment be set out in a separate document…."); Fed. R. Civ. P. 58(b)(2) (requiring Court approval). Entry of a separate judgment will allow NPF to exercise its rights to possession of the assets, register ownership of titled assets, and commence operations. Entry of a separate judgment also facilitates enforcement of the First Summary Judgment Order, by, for example, including vehicle identification numbers and AQHA horse registration numbers (where available) that are referenced in briefing. A separate judgment also resolves any doubt about finality. Fed. R. Civ. P. 58(c) (noting judgment is "entered" when set out in separate document).[2]

---

[2] NPF intends to request costs and attorney's fees if consistent with Fed. R. Civ. P. 54(d), N.D. Ill. L.R. 54.1 and 54.3, and applicable law. Accordingly, NPF's proposed Final Judgment contemplates a subsequent request for such fees and costs, if appropriate.

9. To the extent that the Court finds it appropriate to proceed under Rule 54(b) instead, entry of the Final Judgment under that Rule is well-justified. There is no just reason for delay. Rule 54(b) provides, in part, that:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). All Defendants were served with NPF's summary judgment motions, and none responded. *See* Doc. 287-14. Thus, both judicial economy "as well as the equities involved" favor entry of the Final Judgment. *See U.S. General, Inc. v. Albert*, 792 F.2d 678, 681 (7th Cir. 1986); *see also Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 950 n. 3 (7th Cir. 2020) (Rule 54(b) "permit[s] entry of judgment in multiple party litigation to avoid the hardship resulting from delay in waiting until completion of the entire case"). Entry of judgment is appropriate where, as here, the claims at issue are "separable from the others remaining to be adjudicated," such that piecemeal or repeated review will not be required. *Id.* Here, if the Dismissal Motion is granted as requested, there are no issues (other than costs and fees, if appropriate) remaining for decision by the Court. In these circumstances, the factual overlap that formerly precluded entry of a final judgment is no longer a factor.

10. The First Summary Judgment Order is also clear and unambiguous. It needs no clarification, as the Court has already ruled. *See* Doc. 340. NPF owns and is entitled to possession of the formerly disputed assets encompassed by the First Summary Judgment Order. The Second Summary Judgment Order is equally clear and unambiguous. All of Aguirre's counterclaims against NPF and her Third Party Claims against Karl Schieneman have been dismissed on the merits. Accordingly, the Final Judgment should be entered.

## Conclusion

For all of the foregoing reasons, NPF respectfully requests that the Court enter the Final Judgment and grant such other relief as the Court may deem appropriate.

Dated: May 14, 2021                    **NPF RACING STABLES, LLC**

                                          By:  */s/ Tomas M. Thompson*
                                               One of its attorneys

                                               Tomas M. Thompson
                                               Daniel Faichney
                                               THOMPSON LEGAL LLC
                                               542 S. Dearborn, 10th Floor
                                               Chicago, Illinois 60605
                                               (312) 965-8934
                                               tom@thompsonlegal.org

# CERTIFICATE OF SERVICE

I, Tomas M. Thompson, an attorney, hereby certify that on this 14th day of May, 2021, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT** was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorneys of record and defendants who have appeared in this action that the document has been filed and is available for viewing.

I also sent a copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT** by U.S. Mail, postage prepaid, to the following *pro se* parties who have appeared in this action who do not have an email of record with the Court:

Yesenia G. Aguirre
8257 E. 5000 N. Road
Grant Park, IL 60940

Jose Luis Davila Campos
8257 E. 5000 N. Road
Grant Park, IL 60940

Hector Rodriguez
31452 S. Cottage Grove
Beecher, IL 60401

Benjamin Hernandez
20 W. 240 Diversey Ave
Addison, IL 60101

Jose Jesus Valenzuela
9000 W. 92nd Street
Hickory Hills, IL 60457

 

    */s/ Tomas M. Thompson*
Tomas M. Thompson
THOMPSON LEGAL LLC
542 South Dearborn St., 10th Floor
Chicago, IL 60605
Telephone: (312) 965-8934
tom@thompsonlegal.org