UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NPF RACING STABLES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 6216 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| YESENIA G. AGUIRRE, individually and d/b/a Cuadra El Fenix, EL FENIX INC., RANCHO EL FENIX INC., BENJAMIN HERNANDEZ, HECTOR RODRIGUEZ, individually and d/b/a Cuadra La Araña, CARLA LLERENAS, JOSE LUIS DAVILA CAMPOS, JOSE JESUS VALENZUELA, CESAR CANO, and DAVID ARQUIMIDEZ HUICOCHEA-SILVA, d/b/a Adelante Design & Print, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| YESENIA G. AGUIRRE, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff/Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NPF RACING STABLES, LLC, | ) | |
| | ) | |
| Counter-Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KARL SCHIENEMAN, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

NPF Racing Stables, LLC brought this diversity suit against Yesenia Aguirre, El Fenix

Inc., Rancho El Fenix Inc., Benjamin Hernandez, Hector Rodriguez, Carla Llerenas, Jose Luis

Davila Campos, Jose Jesus Valenzuela, Cesar Cano, and David Arquimidez Huicochea-Silva.

Doc. 170.  NPF alleged that Aguirre defrauded, embezzled from, and breached her fiduciary duties to NPF, and that after NPF manager Karl Schieneman terminated her as NPF's CEO and notified her that NPF had bought out her membership in the LLC, she and her co-defendants took possession of, and continued to use and profit from, NPF's horses and equipment.  Aguirre brought counterclaims against NPF and third-party claims against Schieneman, alleging that he breached his fiduciary duties to her and that he and NPF violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and defamed her, and seeking damages and a declaration that the agreement governing her relationship with NPF is void.  Doc. 147.

Earlier in the litigation, the court granted NPF's writ of replevin as to two of the horses, a starting gate, a Chevy truck, and a Ford tractor, Docs. 80-81, and that property was replevied in April 2019, Doc. 104.  The following month, the court granted NPF's motion for a preliminary injunction as to five horses and certain equipment, prohibiting Defendants from selling, leasing, encumbering, or physically removing that property from El Palomino Ranch, the venue where NPF conducts its events.  Docs. 131-133 (reported at 2019 WL 2327647 (N.D. Ill. May 31, 2019)).  The court denied NPF's and Schieneman's motions to dismiss Aguirre's counterclaims and third-party claims.  Docs. 249-250 (reported at 2020 WL 1322847 (N.D. Ill. Mar. 20, 2020)). The court then granted summary judgment to NPF on several of its claims, Docs. 333-334 (reported at 2021 WL 1088312 (N.D. Ill. Mar. 19, 2021)), and to NPF and Schieneman on Aguirre's counterclaims and third-party claims, Docs. 357-358 (reported at 2021 WL 1379494 (N.D. Ill. Apr. 12, 2021)).  NPF dismissed its remaining claims, and the court entered judgment. Docs. 370-371.  Months of post-judgment proceedings ensued and ultimately concluded. Docs. 418, 420, 422.

The sole matter that remains for disposition is NPF's bill of costs. Docs. 396-397. Aguirre opposes NPF's bill, and her only argument is that she is indigent. Doc. 408.

A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012). But "it is within the discretion of the district court to consider a plaintiff's indigenc[e] in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigence:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id*. at 635-36 (citations and internal quotation marks omitted).

Aguirre's indigency claim fails at the first step, as she has not made the threshold showing that she "is incapable of paying the court-imposed costs at this time or in the future." *Id*. at 635. True enough, Aguirre filed a document styled "Affidavit of Indigency." Doc. 408 at 6. But the document is not an affidavit, as it neither is notarized nor otherwise indicates that it was "sworn to before someone who is authorized to administer an oath." *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985); *see also Egger v. Phillips*, 710 F.2d 292, 311 n.19 (7th Cir. 1983)

(holding that a "declaration [that] was not sworn to before an officer authorized to administer oaths [] hence, by definition, [is] not an affidavit"). Nor does the document qualify as a declaration under 28 U.S.C. § 1746, as it is not sworn under penalty of perjury. *See Barker v. Quick Test, Inc.*, 2016 WL 1019708, at *1-3 (N.D. Ill. Mar. 15, 2016) (citing cases). Without proper evidence, Aguirre cannot make the showing of indigence required by *Rivera*.

Even if Aguirre had submitted proper evidence, she does not address her ability or inability to pay a *future* cost award, which is an independent ground for finding that she has not shown her indigence under *Rivera*. *See Arce v. Chicago Transit Auth.*, 738 F. App'x 355, 360 (7th Cir. 2018); *Boswell v. Envoy Air, Inc.*, 2019 WL 2772448, at *2 (N.D. Ill. July 2, 2019). Another independent ground is Aguirre's failure to make any argument under the second step of the *Rivera* analysis—the amount of costs, her good faith, and the closeness or difficulty of the issues. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue … ."); *Allen v. City of Chicago*, 2013 WL 1966363, at *2 (N.D. Ill. May 10, 2013).

As noted, Aguirre opposes NPF's bill of costs solely on indigence grounds. She does not address on the merits any of the specific costs sought by NPF, and thus has forfeited any objection she might have asserted to them. *See G & S Holdings*, 697 F.3d at 538; *Alioto*, 651 F.3d at 721; *Mortera v. Target Corp.*, 2019 WL 1532960, at *4 (N.D. Ill. Apr. 9, 2019). Accordingly, NPF is awarded $35,673.20 in costs against Aguirre. Docs. 396-397.

The question remains whether NPF should be awarded costs against the other defendants. As NPF observes, Doc. 419 at 2 n.3, "the presumptive rule is joint and several liability [for costs]

unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *Anderson v. Griffin*, 397 F.3d 515, 522-23 (7th Cir. 2005). The exception to joint and several liability applies here, as Aguirre was by far the principal object of NPF's suit, took the most active role in defending (and dragging out) the suit, and was the only defendant to file counterclaims and third-party claims. The other defendants played a minimal role in the events underlying the suit—most were named as defendants largely due to their association with Aguirre's horse racing business—and either a minimal or nonexistent role in the litigation. Under these circumstances, there is no basis to levy a cost award against them.

November 15, 2021

_____

United States District Judge